# United States District Court
for
## Middle District of Tennessee

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Joshua A. Eichel          Case Number: 3:02-00187-01

Name of Sentencing Judicial Officer: Todd J. Campbell, Chief U.S. District Judge

Date of Original Sentence: November 3, 2003

Original Offense: 21 U.S.C. §§ 841(a)(1) and 846: Distribution of Cocaine and Conspiracy to Possess with Intent to Distribute 100 Kilograms or More of Marijuana

Original Sentence: 70 months' custody; 4 years' supervised release

Type of Supervision: Supervised Release          Supervision Commenced: July 22, 2008

Assistant U.S. Attorney: Sunny A.M. Koshy          Defense Attorney: Peter J. Strianse

---

### PETITIONING THE COURT

■ To issue a Summons.
☐ To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons
☐ Other

Considered this __4__ day of __June__, 2010 and made a part of the records in the above case.

_____
Todd J. Campbell
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

_____
Liberty Lander-Dyer
U.S. Probation Officer

Place     Nashville, TN

Date      June 2, 2010

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. | **The defendant shall not commit another federal, state, or local crime**: On April 25, 2009, Mr. Eichel was arrested by the Nashville Metropolitan Police Department for Driving Under the Influence. On August 6, 2009, Mr. Eichel pled guilty to the crime of Reckless Endangerment, and was sentenced to 11 months and 29 days' custody, all suspended but 10 days. He was placed on supervised probation with special conditions. |
| 2. | **The defendant shall notify the probation officer within 72 hours of being arrested or questioned by law enforcement**: Mr. Eichel was arrested and booked on April 20, 2010, on a probation violation warrant in Metropolitan Nashville General Sessions Court, Case No. GS435581. Mr. Eichel did not notify his United States Probation Officer of this arrest within 72 hours. |
| 3. | **The defendant shall not possess or use any narcotic or other controlled substance**: On May 11, 2010, Mr. Eichel tested positive for cocaine and admitted to using cocaine on or about May 8, 2010. |
| 4. | **The defendant shall not associate with any person engaged in criminal activity**: Mr. Eichel associated with individuals involved in criminal activity on or about May 8, 2010. |
| 5. | **The defendant shall follow the instructions of the probation officer**: Mr. Eichel has been instructed that he may not frequent or maintain employment at the nightclub, Silverado's, in Nashville, Tennessee. Mr. Eichel admitted that he was at Silverado's when a bouncer was shot on the premises on January 25, 2010. Additionally, agents of the Alcoholic Beverage Commission (ABC) have observed Mr. Eichel on the Silverado's premises on or about October 12, 2009; October 18, 2009; and December 12, 2010. |

## DISPOSITIONAL INFORMATION

**Custody Status:** Mr. Eichel is currently in the custody of the Nashville Davidson County Sheriff's Office, serving his sentence (10 days' custody) in GS435581. Mr. Eichel began serving his sentence on May 31, 2010.

**Statutory Provisions:** The conduct committed in the instant offense constitutes a Class B felony. The maximum term of imprisonment that can be imposed upon revocation of supervised release for a Class B felony is **not more than 3 years**, pursuant to 18 U.S.C. § 3583(e)(3).

When a term of supervised release is revoked and the defendant is required to serve a term of

imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute **(at least 4 years)** for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** All listed violations constitute Grade C violations. U.S.S.G. § 7B1.1(a)(3). Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision pursuant to U.S.S.G. § 7B1.3(a)(2). According to the Revocation Table at U.S.S.G. § 7B1.4(a), a **Grade C violation with an original criminal history category of III**, results in a term of imprisonment of **5 to 11 months**.

In the case of a Grade C violation where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. U.S.S.G. § 7B1.3(c)(1).

An additional term of supervised release may be ordered to follow imprisonment as outlined above under statutory provisions.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Eichel began his period of supervised release on July 22, 2008, and is scheduled to complete his supervision on July 21, 2012. He is currently employed by Restaurant Experts in Nashville, Tennessee, on a full-time basis and resides with his father, Paul Eichel.

Mr. Eichel was arrested by the Metropolitan Nashville Police Department for Driving Under the Influence of Alcohol, 2nd Offense (Case No. GS435581), on April 25, 2010. This arrest was reported to the Court on April 29, 2009. The probation officer recommended that Mr. Eichel be allowed the opportunity to complete treatment and that no adverse action be taken at that time. Mr. Eichel participated in low intensity outpatient treatment at Centerstone in Madison, Tennessee, from May 19, 2009, through March 2, 2010.

**The defendant shall not commit another federal, state, or local crime:** On April 25, 2009, Mr. Eichel was arrested by the Nashville Metropolitan Police Department for Driving Under the Influence, 2nd Offense, Case No. GS435581. On August 6, 2009, Mr. Eichel pled guilty to Reckless Endangerment, and was sentenced to 11 months and 29 days' custody, all suspended but 10 days. Mr. Eichel was placed on 11 months and 29 days' probation with the following special conditions: interlock device, Mother's Against Drunk Driving (MADD) impact panel, Centerstone treatment, 6 months' SCRAM, and a $500 fine.

Mr. Eichel was arrested and booked on April 20, 2010, on a probation violation warrant in the above referenced case. According to the warrant, Mr. Eichel tested positive for cocaine and alcohol on April 15, 2010, and missed a random alcohol test at 8:00 a.m. and 4:30 p.m., thus violating the conditions of his electronic monitoring. According to court documents, on May 24, 2010, the

defendant's probation was "revoked to a stay of execution."

**The defendant shall notify the probation officer within 72 hours of being arrested or questioned by law enforcement:** Mr. Eichel did not notify his United States Probation Officer of his arrest on April 20, 2010, within 72 hours. The undersigned probation officer contacted Mr. Eichel on Sunday, April 25, 2010, and questioned him about recent law enforcement contact. Mr. Eichel informed the undersigned officer of the recent probation violation warrant and arrest; however, Mr. Eichel indicated he chose not to report it because was trying to "take care of the problem" first.

**The defendant shall not possess or use any narcotic or other controlled substance:** On May 11, 2010, Mr. Eichel tested positive for cocaine and admitted to using cocaine on or about May 8, 2010. This test was confirmed positive for benxoylecgonine, a cocaine metabolite, by Alere Laboratories on May 14, 2010. Mr. Eichel indicated that an individual by the name of "Tony" brought cocaine to his residence on May 8, 2010. Per Mr. Eichel, he paid Tony $50 for cocaine and they used the drug together. Mr. Eichel requested that he be able to return to outpatient treatment at Centerstone and arrangements were made for him to do so. Additionally, the defendant was placed on random drug testing.

**The defendant shall not associate with any person engaged in criminal activity:** Mr. Eichel admitted that he invited an individual by the name of "Tony" to his residence on May 8, 2010, purchased cocaine from Tony, and used cocaine with Tony. The defendant refused to provide the probation office with Tony's last name.

**The defendant shall follow the instructions of the probation officer:** Mr. Eichel was instructed by his probation officer that he may not frequent or maintain employment at Silverado's, a nightclub owned by his father.[1] The undersigned probation officer was contacted by Al Watson, investigator with the Metropolitan Nashville Alcohol Beverage Commission on October 14, 2009; October 19, 2009; and on December 14, 2009. During each of these conversations, Mr. Watson relayed that Mr. Eichel had recently been observed at Silverado's by either ABC agents or security personnel. On October 14, 2010, Mr. Eichel admitted to being on the premises of Silverado's on a weekly basis. Eichel stated he often changed the marquis sign and visited with his father while there. During this office meeting, Mr. Eichel was reinstructed that he may not frequent or maintain employment at Silverado's.

On October 27, 2010, the undersigned probation officer made contact with Mr. Eichel at his residence. During this contact, Mr. Eichel was asked if he had returned to the premises of Silverado's. Mr. Eichel denied that he was present at the club, and he indicated that he had advised his father he was unable to frequent or maintain employment at the nightclub.

On December 29, 2009, the undersigned probation officer met with Mr. Eichel at the United States Probation Office in Nashville, Tennessee. During this office meeting Mr. Eichel admitted to being at Silverado's on a "few occasions" since his last contact with his probation officer. He relayed that

---

[1] This instruction was given after the probation officer learned that Mr. Eichel was associating with a convicted felon under federal supervision in the Middle District of Tennessee at the nightclub, and it is referenced in a Report on Offender Under Supervision dated April 29, 2009.

he felt his previous probation officer had imposed the requirement due to her disdain for his father. Mr. Eichel was advised that he could have his attorney petition the Court if he felt this instruction was unfair. He was provided the phone number for the Federal Public Defender's Office after he stated he did not have the means to pay for further representation by his previous attorney.

On February 9, 2010, Mr. Eichel reported to the office to discuss a shooting at Silverado's which occurred on January 25, 2010. Mr. Eichel admitted that he was at the restaurant at the time of the shooting and assisted in providing first aid to the victim. Mr. Eichel was again instructed that he may not be at Silverado's under any circumstance. At that time Eichel reiterated that he is merely trying to preserve his interest in the family-owned business and feels the instruction is unjust.

**Recommendation:** Mr. Eichel has failed to comply with the conditions of his release. He has pled guilty to the crime of Reckless Endangerment, failed to report law enforcement contact to his United States Probation Officer, admitted to cocaine use, associated with persons involved in criminal activity, and failed to follow the instructions of his probation officer. Based upon the aforementioned, it is recommended that a summons be issued so Mr. Eichel may address these violations before the Court.

This matter has been reviewed with Assistant United States Attorney Sunny Koshy, and he has no objection to this officer's recommendation.

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

■ revoked

Reviewed by: _____
W. Burton Putman
Supervisory United States Probation Officer