PROB 12C
(Rev. 4/95)

# United States District Court
for
## Middle District of Tennessee

## Amended Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: <u>Joshua A. Eichel</u>     Case Number: <u>3:02-00187-01</u>

Name of Sentencing Judicial Officer: <u>Todd J. Campbell, Chief U.S. District Judge</u>

Date of Original Sentence: <u>November 3, 2003</u>

Original Offense: <u>21 U.S.C. §§ 841(a)(1) and 846: Distribution of Cocaine and Conspiracy to Possess with Intent to Distribute 100 Kilograms or More of Marijuana</u>

Original Sentence: <u>70 months' custody; 4 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>     Supervision Commenced: <u>July 22, 2008</u>

Assistant U.S. Attorney: <u>Sunny A.M. Koshy</u>     Defense Attorney: <u>Peter J. Strianse</u>

### PETITIONING THE COURT
☐ To issue a Summons.
■ To amend the original petition dated February 7, 2011.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
   ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☒ Other   Amend Petition

Considered this __23__ day of __Feb__, 20__11__ and made a part of the records in the above case.

_____
Todd J. Campbell
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

_____
Liberty Lander
U.S. Probation Officer

Place     Nashville, TN

Date     February 23, 2011

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state, or local crime**: On January 24, 2011, Mr. Eichel was issued two misdemeanor state citations for Possession/Casual Exchange of a Controlled Substance. |
| 2. | **The defendant shall participate in a program of drug testing:** After testing positive for cocaine on May 11, 2010, Mr. Eichel was placed back on a random drug testing program. Mr. Eichel has failed to comply with the drug testing program when he failed to report for random urine screens on June 8, 2010; August 31, 2010; September 27, 2010; and January 3, 2011. Mr. Eichel failed to report to the office on February 15, 2011, for a random drug screen. On February 16, 2011, Mr. Eichel reported to the office and provided a urine screen which was diluted. |
| 3. | **The defendant shall participate in a program of drug treatment and be responsible for the costs of treatment:** According to the treatment provider, Mr. Eichel was not compliant with treatment. He missed several individual therapy sessions without calling and did not take responsibility for his actions. |
| 4. | **The defendant shall not leave the judicial district without the permission of the Court or the probation officer:** On Saturday, August 27, 2010, Mr. Eichel left a voice mail with his probation officer that he was traveling to Fort Wayne, Indiana, for his employer, James Ferguson. He advised he didn't want to turn down the $500 that he would be paid, so he was just letting his probation officer know he was going out of the district. |

## DISPOSITIONAL INFORMATION

**Custody Status:** Mr. Eichel remains in the community on supervised release.

**Statutory Provisions:**
*Mandatory Revocation for Possession of a Controlled Substance or for refusal to comply with drug testing:* Pursuant to 18 U.S.C. § 3583(g), if the defendant possesses a controlled substance in violation of the condition set forth in 18 U.S.C. § 3583(d) or refuses to comply with drug testing imposed as a condition of supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized. 18 U.S.C. 3583(g)(1) and (3).

The conduct committed in the instant offense constitutes a Class B felony. The maximum term of imprisonment that can be imposed upon revocation of supervised release for a Class B felony is **not more than 3 years**, pursuant to 18 U.S.C. § 3583(e)(3).

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute **(at least 4 years)** for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** All listed violations constitute Grade C violations. U.S.S.G. § 7B1.1(a)(3). Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision pursuant to U.S.S.G. § 7B1.3(a)(2). According to the Revocation Table at U.S.S.G. § 7B1.4(a), a **Grade C** violation with an original **criminal history category of III**, results in a term of imprisonment of **5 to 11 months**.

In the case of a Grade C violation where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. U.S.S.G. § 7B1.3(c)(1).

An additional term of supervised release may be ordered to follow imprisonment as outlined above under statutory provisions.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Eichel began his period of supervised release on July 22, 2008, and is scheduled to complete his supervision on July 21, 2012. He reports he is currently employed as a manager of Klub Cirok, and by Restaurant Experts in Nashville, Tennessee. He resides with his father, Paul Eichel.

Mr. Eichel was arrested by the Metropolitan Nashville Police Department for Driving Under the Influence of Alcohol, 2nd Offense (Case No. GS435581), on April 25, 2009. This arrest was reported to the Court on April 29, 2009. The probation officer recommended that Mr. Eichel be allowed the opportunity to complete treatment and that no adverse action be taken at that time. Mr. Eichel participated in low intensity outpatient treatment at Centerstone in Madison, Tennessee, from May 19, 2009, through March 2, 2010.

On May 11, 2010, Mr. Eichel tested positive for cocaine and admitted to using cocaine on or about May 8, 2010. This new drug use, as well as other violations of supervised release were reported to the Court in June 2010. Mr. Eichel requested that he be able to return to outpatient treatment at Centerstone and arrangements were made for him to do so. Additionally, the defendant was placed on random drug testing and restricted from the premises of Sliverado, a nightclub owned and operated by his father.

**The defendant shall not commit another federal, state, or local crime:**
Mr. Eichel was issued two misdemeanor state citations for Possession/Casual Exchange of a Controlled Substance on January 24, 2011. According to the citations, Mr. Eichel was stopped at

1:51 a.m. on January 24, 2011, after he was observed driving on Murfreesboro Pike without lights. A traffic stop was conducted, and Mr. Eichel consented to a search of his vehicle. The search revealed several small white rocks on the driver side floorboard and under the driver's front seat which field tested positive for cocaine. Additionally, officers discovered a small bud of marijuana which was located on top of some clothes in the trunk. Mr. Eichel is scheduled to appear in Davidson County General Sessions Court on February 17, 2011.

Mr. Eichel reported to the office the same day the citation was issued. He advised the drug program assistant that he was stopped for a traffic violation, and a consent search revealed a small roach in a clothing bin in the trunk. He indicated the marijuana and the clothing bin belonged to his sister. According to Mr. Eichel, he did not know that the pencil eraser-sized marijuana piece was there, as he had only been helping his sister move. He failed to mention that cocaine was also discovered in his vehicle.

On January 25, 2011, Mr. Eichel was interviewed by the United States Probation Officer regarding his arrest. According to Mr. Eichel, the traffic stop occurred early in the morning of January 24, 2011, when he was returning home from the night club which he currently manages. Reportedly, Mr. Eichel was the sole occupant of the vehicle. He advised that his sister had been staying with him at his father's residence, and that she uses illegal drugs. He indicated that his sister had stolen his car keys from the home, borrowed his vehicle, and therefore, the drugs which were discovered must belong to her. He denied the use and/or possession of any of the illegal substances which were found in the vehicle. He further stated that he plans to get the charges dismissed because the drugs were not his and also because the amount of crack cocaine which was discovered was too small to lead to a conviction.

**The defendant shall participate in a program of drug testing:** After testing positive for cocaine on May 11, 2010, Mr. Eichel was placed back on a random drug testing program. Mr. Eichel has failed to comply with the drug testing program when he failed to report for random urine screens on June 8, 2010, August 31, 2010; September 27, 2010; and January 3, 2011.

Specifically, on June 8, 2010, Mr. Eichel did not report for a random drug screen. He did however leave a message for the undersigned probation officer at 3:28 p.m. advising that he was working in Manchester, Tennessee, and he wouldn't be back in time to provide a urine sample. However, Mr. Eichel did not report the following day to provide a urine sample.

On August 31, 2010, Mr. Eichel failed to report to the probation office for a random urine screen, and failed to contact his probation officer. He later admitted he did not call to see if he had been selected for a random screen because he was outside the Middle District of Tennessee.

On September 27, 2010, Mr. Eichel failed to report for a random urine screen and failed to call his probation officer. Mr. Eichel later advised that he was in Clarksville, Tennessee, and he did not return to Nashville in time to provide a urine sample.

On January 3, 2011, Mr. Eichel failed to report for a random urine screen. The undersigned probation officer left a message with Mr. Eichel on the same date instructing him to report to the probation office by 10:00 a.m. the following morning. Mr. Eichel failed to contact the probation officer on January 4, 2011, and failed to report to the probation office.. On January 5, 2011, the undersigned probation officer again contacted Mr. Eichel and left a message. Mr. Eichel later returned the call and stated that he had left his cell phone at his girlfriend's and that he had a bad weekend because of "problems" at Silverado. However, Mr. Eichel denied being on the premises of Silverado. The undersigned probation officer later discovered there was another shooting at the nightclub on January 2, 2011.

On February 15, 2011, Mr. Eichel was contacted to come to the probation office to submit his monthly supervision report, which was due on February 5, 2011. He was told to provide a random urine sample when he came to the office. Mr. Eichel advised the probation officer that he would report to the office, but failed to do so.

On February 16, 2011, Mr. Eichel reported to the probation office near the close of business. He provided a urine sample which was diluted. Additional urine samples were unable to be obtained as Mr. Eichel was arrested on this Court's warrant.

**The defendant shall participate in a program of drug treatment and be responsible for the costs of treatment:** On May 11, 2010, Mr. Eichel tested positive for cocaine and admitted to using cocaine on or about May 8, 2010. At that time, Mr. Eichel requested that he be able to return to outpatient treatment at Centerstone and arrangements were made for him to do so. On November 19, 2010, the undersigned probation officer received the following message from the treatment provider:

> Mr. Eichel has not been compliant with treatment. He has missed individual therapy sessions without calling. Therapy sessions do not tend to be productive, as he does not take responsibility for his actions. It appears he is not invested into his treatment.

Mr. Eichel was interviewed regarding his participation in treatment sessions. Mr. Eichel advised that they were a waste of time and that even the treatment provider did not know why he was required to attend. Mr. Eichel has failed to schedule or attend any treatment sessions since November 2010.

**The defendant shall not leave the judicial district without the permission of the Court or the probation officer:** On Saturday, August 27, 2010, Mr. Eichel left a voice mail with his probation officer that he was traveling to Fort Wayne, Indiana, for his employer, James Ferguson. He advised he didn't want to turn down the $500 that he would be paid, so he was just letting his probation officer know he was going out of the district. Mr. Eichel did not have permission to make this trip, nor did he contact the probation officer upon his return to the district.

**Recommendation:** Mr. Eichel has failed to comply with the conditions of his release. He has been charged with possession of cocaine and marijuana, failed to comply with random urine testing, left the Middle District of Tennessee without permission, and failed to comply with drug treatment. Based upon the aforementioned, as well as the mandatory revocation provisions of 18 U.S.C. 3583(g)(1) and (3), it is recommended that the original petition be amended to include the new information about Mr. Eichel's continued disregard for the probation officer's instructions and

compliance with random urine testing, and that his supervision should be revoked.

This matter has been reviewed with Assistant United States Attorney Sunny Koshy, and he has no objection to this officer's recommendation.

U.S. Probation Officer Recommendation:

☐ The term of supervision should be
　■ revoked

Submitted by:


Liberty Lander
United States Probation Officer

Reviewed by: _____
W. Burton Putman
Supervisory United States Probation Officer